IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVIKOVA S.,[1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-234 |
| | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, | § | |
|     Respondent | § | |
| | § | |

## ORDER REQUIRING RESPONSE

    Petitioner Novikova S., proceeding without legal representation, filed a Petition for Habeas Corpus against Respondent Immigration and Customs Enforcement on October 16, 2025. Dkt. No. 1. Petitioner then filed an amended complaint, styled as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in conjunction with Pribylov A., her husband, on December 1, 2025. Dkt. No. 14.

    Plaintiffs proceeding without a legal representative are considered *pro se* plaintiffs and receive the benefit of liberal construction of their claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). Under Federal Rule of Civil Procedure 15(a)(1) "a party may amend his pleading once as a matter of course within 21 days after serving it" or if a response is required "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier." After this, pleadings may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id*.

    "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant[;] . . . undue prejudice to the opposing party by virtue of allowance of the amendment[;] futility of amendment[;] etc. – the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) promotes a policy of deciding litigation on the merits rather than procedural technicalities.

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initials.

*Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). The Court should grant a motion to amend "unless there is a substantial reason" to deny amendment. *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). FED. R. CIV. P. 15 "evidences a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

In the present case, Petitioner Novikova S. filed her Amended Complaint past the 21 days allowed by Rule 15(a)(1). Because a pro se litigant receives the benefit of liberal construction of their claims, the Court construes Petitioner's Amended Complaint as a Motion for Leave to File an Amended Complaint. The Court notes no apparent reason why leave should not be freely given, as required by Rule 15.

Accordingly, the Court **GRANTS** Petitioner's Motion for Leave to File Amended Complaint. Petitioner's Amended Complaint (Dkt. No. 14) shall act as the operative complaint in this case.

Further, to facilitate the progress of this petition, Respondent is **ORDERED** to file a response to Novikova S.'s Amended Complaint (Dkt. No. 14) **no later than January 22, 2026**.

Signed on December 23, 2025.

_____
Karen Betancourt
United States Magistrate Judge