United States District Court
Southern District of Texas

**ENTERED**

March 12, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVIKOVA M. S. and PRIBYLOV A. A., [1] Petitioners, | § § § | |
| v. | § § § | CIVIL ACTION NO. 1:25-cv-234 |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, Respondent. | § § § § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITIONERS' HABEAS PETITION

Before the Court is Petitioners Novikova M. S. and Pribylov A. A.'s ("Petitioners") "Amended Petition for Writ of Habeas Corpus" (Dkt. No. 14) ("Petition")[2] and Respondent's "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 21) ("Response and MSJ").

Because Petitioners' claim of excessive detention is premature, it is recommended that the Court (1) **DENY** the Petition (Dkt. No. 14), (2) **DENY** the MSJ (Dkt. No. 21) as moot, and (3) **DIRECT** the Clerk of Court to close the case.

## I.    Background and Procedural History

Petitioners are Russian citizens currently held at the El Valle Detention Center in Raymondville, Texas. Dkt. Nos. 21-1; 14 at 6. On July 9, 2025, an Immigration Judge ordered them removed, Dkt. No. 21-5, which Petitioners appealed on July 25, 2025. Dkt. No.

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner Novikova M. S. filed her original habeas petition on her own behalf. Dkt. No. 1.  On December 1, 2025, Petitioner Novikova M. S. amended her Petition to include as an additional party her husband Pribylov A. A., both of whom sign the amended petition as *pro se* litigants. Dkt. No. 14.  The Court granted the Petitioners' leave to amend their petition and ordered the Amended Petition for Writ of Habeas Corpus, Dkt. No. 14, as the operative complaint.  Dkt. No. 16.  Petitioners present no information to this Court as to the custody status of their minor children, such that this Court has no facts upon which it can entertain a habeas petition on their behalf.  Dkt. No. 14.

21-6. Petitioners filed their amended habeas petition on December 1, 2025, at which point their appeal was pending. Dkt. No. 21-6. On December 31, 2025, the Board of Immigration Appeals ("BIA") dismissed Petitioners' appeal. Dkt. No. 21-8.

The Petition alleges that, in violation of the Due Process Clause of the Fifth Amendment, Petitioners have been subjected to unjustified and prolonged detention. Dkt. No. 14 at 2-3.

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and, if it "determines…that it lacks subject-matter jurisdiction," it "must dismiss the action." Fed. R. Civ. P. 12(h)(3). One "essential component[]" of "federal subject-matter jurisdiction" is "ripeness." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). For a court to exercise jurisdiction, then, the case "must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).

## III.    Discussion

Because Petitioners have not been detained for over six months since their removal order became final, *see* Dkt. No. 21-8, their claim is premature.

Once a removal order becomes final,[3] 8 U.S.C. § 1231 ("§ 1231") authorizes detention of the alien to effectuate removal under two provisions. In the first 90 days (otherwise known as the "removal period"), 8 U.S.C. § 1231(a)(1), the "Attorney General shall detain the alien" under 8 U.S.C. § 1231(a)(2). Once the removal period ends, the source of authorization shifts to § 1231(a)(6), which states that the alien "may be detained" by the Attorney General "beyond the removal period." 8 U.S.C. § 1231(a)(6). To ensure §

---

[3] A removal order becomes "administratively final" under 8 U.S.C. § 1231(a)(1)(B)(i) upon "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

1231(a)(6) would not lead to constitutionally excessive detention, the Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) construed it to have an implied limit: authorization of detention under § 1231(a)(6) would run out when continued detention "exceeds a period reasonably necessary to secure removal" and removal "is no longer reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. The Court, however, also understood that a reasonableness standard, standing alone, would risk too much judicial interference with the Executive's "primacy in foreign policy matters." *Id.* at 701. The Court thus found it "practically necessary" to "limit" its new standard by recognizing a "presumptively reasonable period of detention" of "six months." *Id.*

Pieced together, the *Zadvydas* framework slots claims challenging post-final-removal-order detention into two phases:[4] 1) a six-month period where the statute constitutionally authorizes detention (and *Zadvydas* claims are thus not viable); and 2) a period "after that," in which the alien can seek conditional release under *Zadvydas* "if he can demonstrate there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (quoting *Zadvydas*, 533 U.S. at 701). If a petitioner seeks release from detention in the first phase—the presumptively reasonable

---

[4] Some district courts in this circuit remain skeptical of this tidy two-phase scheme. *See, e.g., Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (S.D. Tex. 2020); *Villanueva v. Tate*, 801 F. Supp. 3d 689 (S.D. Tex. 2025). They, like Petitioner, suggest that *Zadvydas* prescribes a (rebuttable) presumption of reasonableness during those first six months—and does not, in effect, proscribe claims brought before that period elapses. *See, e.g., Villaneuva*, 801 F. Supp. at 703. Admittedly, *Zadvydas* is not precise about what its presumption means for the first six months. *Zadvydas*, 533 U.S. at 701. But the formulation offered by the Court in and after that case only contemplates petitioners proving their detention is unreasonable after the six-month period ends. *Id.* at 701 ("*After* this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing") (emphasis added); *Clark*, 543 U.S. at 378 ("*after* that [presumptive period], the alien is eligible for conditional release if he can demonstrate…") (emphasis added); *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (same). The Fifth Circuit, though not settling the issue, has issued strong signals of its own. It has described the timing of *Zadvydas* claims in the same terms, *see Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 757 (5th Cir. 2008), approved of district courts dismissing *Zadvydas* claims as "premature" when made during the presumptive period, *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam); *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam), and itself found a *Zadvydas* claim to be "premature" for the same reason. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

period—his or her claim is not yet ripe.[5] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Kakhidze v. Venegas*, No. 1:25-cv-00136, 2025 WL 2412854, at *3 (S.D. Tex. July 30, 2025), *report and recommendation adopted*, 2025 WL 2411229 (S.D. Tex. Aug. 20, 2025).

The facts show Petitioners are subject to a final order of removal, Dkt. No. 21-5, and that the appeal of that order was dismissed by the BIA, Dkt. No. 21-8. The dismissal of their appeal occurred "on December 31, 2025," *Id.* at 2, which would make their removal order final on that same date. *See* 8 U.S.C. § 1101(a)(47)(B). These facts are fatal to their claims: they are only a little over two months into the initial six-month period of presumptively valid detention, the Petitioners' claims are not yet ripe, and the Court therefore lacks subject matter jurisdiction to hear this case.

## IV.   Recommendation

It is recommended that the Court (1) **DENY** the Petition (Dkt. No. 14),[6] (2) **DENY** the MSJ (Dkt. No. 21) as moot[7], and (3) **DIRECT** the Clerk of Court to close the case.

## V.   Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case, Fernando Rodriguez, Jr. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834

---

[5] Whether a claim of unreasonably prolonged detention is offered in statutory or constitutional terms, the result is the same: it is "presumptively *constitutional* for alien to be detained for six months after a final order of removal." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (emphasis added), and a constitutional challenge to prolonged detention fails unless it meets the standard set by *Zadvydas*. *See Andrade v. Gonzales*, 459 F. 3d 538, 543 (5th Cir. 2006).

[6] Because dismissal for lack of subject matter jurisdiction is without prejudice, Petitioners may file another habeas petition once his claims are ripe. *See Ruiz v. Brennan*, 851 F. 3d 464, 472 (5th Cir. 2017).

[7] As this Court lack subject matter jurisdiction to take up Petitioners' case, the Court need not address the Respondent's Motion for Summary Judgement that was filed in connection with their response in Dkt. No. 21 on January 22, 2026. Petitioners did not file a response to the motion for summary judgment.

F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on March 12, 2026.

Karen Betancourt
United States Magistrate Judge